UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| BOBBY MITCHELL | CIVIL ACTION NO. 18-0439 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| LIEUTENANT DAVIS, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Bobby Mitchell is incarcerated at Bossier Medium Correctional Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on March 29, 2018, under 42 U.S.C. § 1983.[1] For the following reasons, it is recommended that Plaintiff's claims against Lieutenant Davis, the only remaining defendant, be dismissed.

**Background**

On August 6, 2018, the undersigned ordered Plaintiff to, within thirty days, furnish to the Clerk of Court: (1) one copy of his pleadings; (2) two completed summonses; and (3) one completed USM-285 form. [doc. # 13]. Plaintiff did not respond. On November 13, 2018, after cautioning Plaintiff that his failure to heed the August 6, 2018 Order was grounds for dismissal, the undersigned advised Plaintiff that, after November 23, 2018, in the absence of good cause shown, the Court intended to dismiss the remaining Defendant for whom Plaintiff failed to complete and return the requisite service documents. [doc. # 16]. On December 4, 2018, the United States Postal Service returned the Court's November 13, 2018 Notice of Intent to Dismiss, noting "Return to Sender." [doc. # 17]. To date, Plaintiff has not responded, and he

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

has not apprised the Court of his new address.

## Law and Analysis

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* Further, under Local Rule 41.3, "The failure of an attorney or pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

To the extent that the applicable statute of limitations may bar Plaintiff from re-filing this proceeding, dismissal at this juncture is effectively "with prejudice," which is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." See *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

Here, the requirements for dismissal with prejudice are satisfied.[2] Plaintiff has ignored more than one Court order. As Plaintiff is proceeding in forma pauperis, it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[3] Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action.[4] Finally, plaintiff's unrepentant flaunting of Court orders[5] reflects his own contumaciouness or "stubborn resistance to authority"[6] which is personally attributable to him as a litigant unrepresented by counsel.[7]

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Bobby Mitchell's claims against Lieutenant Davis be **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[2] If Plaintiff does not notify the Court of his new address by the end of the objection period, his failure will serve as an additional basis for dismissal.

[3] See *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[4] Plaintiff may dispute this inference in his objection to this Report and Recommendation.

[5] This Report and Recommendation provides Plaintiff with further notice of his non-compliance.

[6] See *Millan, supra*.

[7] Although Plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

In Chambers, at Monroe, Louisiana, this 12th day of December, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE